UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ERIC SHELLEY, individually
And on behalf of all others similarly situated,

      Plaintiff,                        Case No. 0:23cv60415

vs.

WILL RICHARDSON, M.D., P.A d/b/a
NATURA DERMATOLOGY & COSMETICS,

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Will Richardson, M.D., P.A. d/b/a Natura Dermatology & Cosmetics ("Richardson" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, removes the action bearing Case No.: CACE22-016589 that is pending in the circuit court of Broward County, Florida to this court, and in support states:

## BACKGROUND

1. On November 8, 2022, Plaintiff Eric Shelley ("Plaintiff") filed this suit against Defendant in the Circuit Court of Broward County, Florida, styled *Eric Shelley, individually and on behalf of all others similarly situated, v. Will Richardson, M.D., P.A. d/b/a Natura Dermatology & Cosmetics*, and bearing Case No: CACE22-016589. A complete of the docker, including the a copy of the complaint, is attached as **Exhibit "A."**

2. The Complaint alleges violations under the 47 U.S.C. § 227 et seq., Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Plaintiff brings this lawsuit as a class action on behalf of himself individually

1

and on behalf of all others similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).

## STANDARD FOR REMOVAL

3. Removal is appropriate because the Complaint raises a federal question by asserting claims under the TCPA. *See Mims v. Arrow Financial Services, LLC*., 132 S.Ct. 740 (2012) (holding that federal courts have original jurisdiction pursuant to 28 U.S.C. §1331 over private suits arising under the TCPA).

4. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisite of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332

5. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the United States District Courts have original jurisdiction over Plaintiff's TCPA claim, as it arises under the Constitution, laws or treaties of the United States. *Id*.

6. Accordingly, Defendant is entitled to remove Plaintiff's TCPA claim to this Court because this Court has original jurisdiction over the TCPA claim and the state court action is currently pending in this District and Division. 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

7. This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of the Court's original jurisdiction over the TCPA claim. *See* 28 U.S.C. § 1367(a).

8. This Court should exercise supplemental jurisdiction over Plaintiff's FTSA claim because all of the claims asserted in the Complaint arise out of a common nucleus of operative facts, involve substantially similar questions of law or fact, and form part of the same case or controversy. *See id.*; *see also Parker v. Scrap Metal Processors, Inc.*, 468 F. 3d 733, 743 (11th Cir. 2006) ("The constitutional 'case or controversy' standard convers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.") (citations omitted).

9. Moreover, Plaintiff's FTSA claim does not involve any complex or novel issue of state law, and there are no other considerations that would prevent this Court from adjudicating those claims. *Ariza v. Walters & Mason Retail, Inc.*, 516 F. 3d 1350, 1357 (S.D. Fla. 2021).

10. Based on the foregoing, all claims alleged in the Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

## **VENUE**

11. The Broward County Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, therefore, the proper district to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, Broward County is the proper division within the Southern District of Florida to which the case should be removed since Plaintiff alleges that its principal place of business is in Broward County and that the cause of action arose in Broward County. *See*, 28 U.S.C. §§ 1441(a), (e) & 1446(a); *See* Complaint, ¶¶ 5, 9.

## **THE NOTICE OF REMOVAL IS TIMELY**

12. Pursuant to 28 U.S.C. §1446(b), this removal is timely because Defendant has filed this Notice of Removal within thirty (30) days of receipt by Defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based.

13. Defendant was served on January 31, 2023 and this notice of removal is filed within thirty (30) days of service.

## ALL ELEMENTS OF REMOVAL ARE SATISFIED

14. Because the Complaint asserts federal jurisdiction, and because the state court claim is subject to the Court's supplemental jurisdiction, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

15. Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filling copies of all process, pleadings, and orders served upon such defendant existing on file in the Florida Circuit Court, for this removed action.

16. A copy of the notice was promptly filed with the Clerk of the Circuit Court of Broward County, Florida, and also served on opposing counsel.

17. Defendant, under 28 U.S.C. §§ 1331, 1367, 1441 and 1446, respectfully requests that this Court remove this action, which is currently pending in the circuit court of Broward County.

Respectfully submitted by,

/s/ *Daniel L. Alvarez*
**NELSON MULLINS**
Gabriel L. Imperato
Florida Bar No. 623652
Daniel L. Alvarez
Florida Bar No. 016688
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Phone: (952)764-7060 / Fax: (954)761-8135
Gabriel.Imperato@NelsonMullins.com
Daniel.Alvarez@NelsonMullins.com
Traci-Lewis@NelsonMullins.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document was served on counsel whom have provided designated e-mail addresses for service via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel L. Alvarez*
Daniel L. Alvarez